1
2
3                   UNITED STATES DISTRICT COURT
4                FOR THE NORTHERN DISTRICT OF CALIFORNIA
5                           OAKLAND DIVISION
6

| | |
|---|---|
| RENE HERNANDEZ,<br><br>        Plaintiff,<br><br>  vs.<br><br>FIRST HORIZON LOAN CORPORATION; CCO MORTGAGE; QUALITY LOAN SERVICE CORPORATION; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., and DOES 1 through 100, inclusive,<br><br>        Defendants. | Case No:  C 11-00200 SBA<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND** |

      Plaintiff Rene Hernandez filed the instant mortgage fraud action in state court against Defendants First Horizon Loan Corporation ("First Horizon"), Mortgage Electronic Registration Systems, Inc. ("MERS"), CCO Mortgage ("CCO") and Quality Loan Service Corporation ("Quality").  First Horizon and MERS (collectively "Removing Defendants") removed the action on the basis of federal question and diversity jurisdiction.  28 U.S.C. §§ 1441(a), 1331, 1332.  The parties are presently before the Court on Plaintiff's Motion to Remand and Request for an Award of Attorney's Fees and Costs.  Dkt. 11.  Having read and considered the papers filed in connection with this matter and being fully informed, the Court hereby GRANTS the motion remand and DENIES the request for attorney's fees and costs.  The Court, in its discretion, finds this matter suitable for resolution without oral argument.  See Fed. R. Civ. P. 78(b); N.D. Cal. Civ. L.R. 7-1(b).

## I. BACKGROUND

Plaintiff is the owner of property located at 2911 Shane Drive, Richmond, California ("the Property"). Compl. ¶ 2, Dkt. 1 (Ex. A to Notice of Removal). In early February 2007, Plaintiff obtained a first mortgage from First Horizon and a second mortgage from CCO. Id. The mortgages were secured by a deed of trust recorded against the Property. Id. ¶ 20. Plaintiff alleges that Defendants conspired to place him in loans that they knew or should have know that he could not afford, and that as a result, he "is currently in great danger of foreclosure." Id. ¶¶ 21-29. Plaintiff also avers, inter alia, that he was not provided with a complete disclosure of the loan terms, that Defendants overstated his income, and that he does not read English and did not understand the information contained in his loan application. Id.

On December 30, 2010, Plaintiff filed a Complaint in Contra Cost County Superior Court alleging seventeen state law causes of action for: (1) breach of fiduciary duty; (2) breach of the covenant of good faith and fair dealing; (3) deceit; (4) violation of California Business and Professions Code § 17200; (5) promissory estoppel; (6) fraud by intentional misrepresentation; (7) fraud by concealment; (8) unjust enrichment; (9) quiet title; (10) violation of the California Rosenthal Act; (11) civil conspiracy; (12) declaratory relief; (13) rescission/cancellation of void instrument; (14) accounting; (15) violation of California Code of Civil Procedure §§ 2934(d) and 2934(e); and (17) injunctive relief. No federal claims are alleged in the Complaint.

On January 13, 2011, Removing Defendants filed a Notice of Removal. The notice alleges that there is complete diversity under 28 U.S.C. § 1332 between Plaintiff and all Defendants, except Quality. Notice of Removal ¶ 7, Dkt. 1. Although Quality, like Plaintiff, is a California resident, Removing Defendants allege that because Quality had filed a declaration of non-monetary status under California Civil Code § 2924l(d), it was "transformed into a non-party to this action." Id. ¶ 7(e). The Notice of Removal also asserts that "[t]his Court has original jurisdiction over the TILA [Truth in Lending Act] and RESPA [Real Estate Settlement Procedures Act] claims because it [sic] is a claim arising

- 2 -

under a federal statute." Id. ¶ 9.  Removing Defendants did not seek CCO's joinder in the removal, ostensibly because they were unaware whether it had been served. Id. ¶ 15. Plaintiff now moves to remand the action and seeks an award of attorney's fees and costs under 28 U.S.C. § 1447(c).[1]

## II.     LEGAL STANDARD

"A motion to remand is the proper procedure for challenging removal." Moore-Thomas v. Alaska Airlines, Inc., 553 F.3d 1241, 1244 (9th Cir. 2009).  Remand may be ordered either for lack of subject matter jurisdiction or for any defect in removal procedure. See 28 U.S .C. § 1447(c).  "[R]emoval statutes are strictly construed against removal." Luther v. Countrywide Home Loans Servicing, LP, 533 F.3d 1031, 1034 (9th Cir. 2008). "The presumption against removal means that the defendant always has the burden of establishing that removal is proper." Moore-Thomas, 553 F.3d at 1244.  As such, any doubts regarding the propriety of the removal favor remanding the case. See Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

## III.    DISCUSSION

### A.     DIVERSITY JURISDICTION

"Section 1332 of Title 28 confers jurisdiction on federal courts where there is diversity of citizenship between plaintiffs and defendants.  Diversity jurisdiction requires complete diversity between the parties—each defendant must be a citizen of a different state from each plaintiff." In re Digimarc Corp. Derivative Litig., 549 F.3d 1223, 1234 (9th Cir. 2008).   In assessing the citizenship of the parties, "[a] federal court must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy." Navarro Sav. Ass'n v. Lee, 446 U.S. 458, 461 (1980).  Thus, "[d]efendants who are nominal parties with nothing at stake may be disregarded in

---

[1] Also pending are Removing Defendants' motion to dismiss and motion to strike. Dkt. 15, 16.  However, where subject matter jurisdiction is challenged through a motion to remand, the Court must resolve any jurisdictional issues prior to considering a motion to dismiss.  See United Investors Life Ins. Co. v. Waddell & Reed Inc., 360 F.3d 960, 965 (9th Cir. 2004).  In light of the Court's conclusion that removal jurisdiction is lacking, the Court does not reach the merits of the motions to dismiss and strike.

determining diversity, despite the propriety of their technical joinder." Strotek Corp. v. Air Transp. Ass'n of Am., 300 F.3d 1129, 1133 (9th Cir. 2002).

Here, Removing Defendants contend that Quality is a nominal party whose citizenship must be disregarded by virtue of its having filed a certificate of non-monetary status, pursuant to California Civil Code § 2924l. This section permits a trustee to declare "non-monetary status" and become a nominal party if the trustee "maintains a reasonable belief that it has been named in the action or proceeding solely in its capacity as trustee, and not arising out of any wrongful acts or omissions on its part in the performance of its duties as trustee." Cal. Civ.Code § 2929 l(a). If there is no objection to the declaration within fifteen days of filing, the trustee gains non-monetary status. Id. § 2929l(d). However, "[a] party that files a declaration of non-monetary status does not actually become a nominal party until 15 days pass without objection." Sun v. Bank of Am. Corp., No. 10–0004, 2010 WL 454720, at *2 (C.D. Cal. Feb.8, 2010).

Here, Quality filed its declaration on January 7, 2010, and Removing Defendants filed their Notice of Removal six days later on January 13, 2010. See Notice of Removal ¶ 7(e). Because Removing Defendants removed the action less than fifteen days after Quality filed its declaration of non-monetary status, Quality had not yet been transmuted into a nominal party at the time of removal. Therefore, the Court cannot disregard Quality's citizenship for purposes of removal. See Wise v. Suntrust Mortg., Inc., No. 11-1360 LHK, 2011 WL 1466153, at *4 (N.D. Cal. Apr.18, 2011) (Koh, J.) (granting motion to remand where defendants removed less than fifteen days after the trustee defendant filed a declaration for non-monetary status); see also Strotek Corp., 300 F.3d at 1131 (removal jurisdiction must exist "as of the time the complaint is filed and removal is effected").

Alternatively, Removing Defendants contend that the Court should disregard Quality's citizenship under the doctrine of fraudulent joinder. "Joinder of a non-diverse defendant is deemed fraudulent, and the defendant's presence in the lawsuit is ignored for purposes of determining diversity, '[i]f the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state.'"

Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001) (quoting in part McCabe v. Gen. Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987)).  There is a "general presumption against fraudulent joinder" and the defendant's burden of demonstrating that a joinder is fraudulent is a "heavy" one.  Hunter v. Philip Morris USA, 582 F.3d 1039, 1046 (9th Cir. 2009).

The Notice of Removal does not predicate the removal on fraudulent joinder.  As such, fraudulent joinder cannot serve as a basis for removal.  See 28 U.S.C. § 1446(a) (providing that a notice of removal must be "signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and contain[] a short and plain statement of the grounds for removal."); Bova v. U.S. Bank, N.A., 446 F. Supp. 2d 926, 937 (S.D. Ill. 2006) (finding that fraudulent joinder would not be considered as a basis for removal where it was not alleged in the notice of removal).  But even if fraudulent joinder were asserted in the Notice of Removal, Removing Defendants have failed to carry their heavy burden of establishing that Quality was fraudulently joined.  Rather, Removing Defendants merely assert, in an entirely conclusory manner, that Plaintiff has no basis for pursuing any of the seventeen causes of action alleged against Quality.  But without the benefit any argument specifically addressing these particular claims, the Court is unable to address the merits of Removing Defendants' contention.  See Indep. Towers of Wash. v. Wash., 350 F.3d 925, 929 (9th Cir. 2003) ("Our adversarial system relies on the advocates to inform the discussion and raise the issues to the court.").  Accordingly, the Court finds that Removing Defendants have failed to carry their burden of establishing the presence of removal jurisdiction based on diversity.

### B.   FEDERAL QUESTION JURISDICTION

Removing Defendants also predicate their removal on federal question jurisdiction. "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  The "arising under" qualification of § 1331 confers district courts with jurisdiction to hear "[o]nly those cases in which a well-pleaded complaint establishes either that [1] federal law creates the cause of

action or that [2] the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." Armstrong v. N. Mariana Islands, 576 F.3d 950, 954-55 (9th Cir. 2009) (internal quotations omitted).  In other words, the federal law must be a "necessary element" of the state law claim.  Id.

In the instant case, Plaintiff alleges only state law causes of action in his Complaint. "[T]he plaintiff is 'the master of his complaint' and may 'avoid federal jurisdiction by relying exclusively on state law.'"  Hunter v. Philip Morris USA, 582 F.3d 1039, 1042 (9th Cir. 2009) (quoting Balcorta v. Twentieth Century-Fox Film Corp., 208 F.3d 1102, 1106 (9th Cir. 2000)).  Nonetheless, "there exist a handful of extraordinary situations where even a well-pleaded state law complaint will be deemed to arise under federal law for jurisdictional purposes."  Hall v. N. Am. Van Lines, Inc., 476 F.3d 683, 687 (9th Cir. 2007) (internal quotations and citation omitted).  "Under the 'artful pleading' doctrine, a well-pleaded state law claim presents a federal question when a federal statute has completely preempted that particular area of law."  Id.  "The artful pleading doctrine allows removal where federal law *completely preempts* a plaintiff's state-law claim."  Rivet v. Regions Bank of La., 522 U.S. 470, 475 (1998) (emphasis added).

Removing Defendants contend that "several" of causes of action have been artfully pled to avoid federal jurisdiction.  Defs.' Opp'n. at 10, Dkt. 21.  Though not cited by Removing Defendants, the Court notes that TILA contains a limited preemption provision which preempts state law claims only to the extent they conflict with the provisions of TILA.  15 U.S.C. § 1610(a)(1).[2]  Here, Removing Defendants do not argue or make any showing that any of Plaintiff's state law causes of action are inconsistent with or otherwise completely preempted by TILA.  Similarly, Removing Defendants have made no showing that RESPA preempts any of Plaintiff's claims.  Brittain v. Onewest Bank, FSB, No. 09-

---

[2] Section 1610(a)(1) states:  "Except as provided in subsection (e) of this section, this part and parts B and C of this subchapter do not annul, alter, or affect the laws of any State relating to the disclosure of information in connection with credit transactions, except to the extent that those laws are inconsistent with the provisions of this subchapter and then only to the extent of the inconsistency."

1  2953 SC, 2010 WL 889279, at *2 (N.D. Cal. Mar. 11, 2010) ("This Court, and numerous
2  other courts, have previously concluded that neither TILA nor RESPA completely preempt
3  state law claims of the type contained in the FAC.") (Conti, J.).

4  Nor is the Court persuaded that "the plaintiff's right to relief necessarily depends on
5  resolution of a substantial question of federal law." Armstrong, 576 F.3d at 955.
6  Removing Defendants contend that Plaintiff's causes of action are based on TILA and
7  RESPA violations. Notice of Removal ¶ 9. The Court disagrees. While the one paragraph
8  of Complaint make a reference to these statutes in the "Parties and Background" section,
9  none of the causes of action is expressly dependent on them. Moreover, Removing
10 Defendants ignore that a state common law claim, such as fraud, may properly be
11 predicated upon a duty created by TILA or RESPA, without transforming it into a federal
12 claim. See Amparan v. Plaza Home Mortg., Inc., 678 F. Supp. 2d 961, 976 (N.D. Cal.
13 2008) (citing Lovejoy v. AT & T Corp., 119 Cal. App. 4th 151, 158 (2004)).

14 Additionally, Removing Defendants tacitly acknowledge that Plaintiff has alleged
15 multiple factual grounds for his claims, including those that that have no alleged relation to
16 TILA or RESPA. Where a violation of a federal statute is one of several independent
17 allegations supporting a state law cause of action, the state law cause of action does not
18 "necessarily turn" on the construction of the federal statute. Rains v. Criterion Sys., Inc.,
19 80 F.3d 339, 345-46 (9th Cir. 1996) ("When a claim can be supported by alternative and
20 independent theories—one one of which is a state law theory and one of which is a federal
21 law theory—federal question jurisdiction does not attach because federal law is not a
22 necessary element of the claim."); see also Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir.
23 1996) ("[I]f a single state-law based theory of relief can be offered for each of the three
24 causes of action in the complaint, then the exercise of removal jurisdiction was improper.").
25 Thus, even if Plaintiff's causes of action could be construed as referring to violations of
26 federal law, resolution of these claims does not "necessarily turn" on the construction of
27 federal law.

28

### C. ATTORNEY'S FEES AND COSTS

Where a case is improperly removed, the Court "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). The Court has "wide discretion" under § 1447(c). Moore v. Permanente Medical Group, Inc., 981 F.2d 443, 447 (9th Cir.1992). However, "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005). Here, Removing Defendants had an objectively reasonable basis for removing the action based on federal question and diversity jurisdiction. That they ultimately failed to carry their burden of establishing removal jurisdiction does not render the removal objectively unreasonable. Plaintiff's request for fees and costs is therefore denied.

## IV. CONCLUSION

For the reasons stated above,

IT IS HEREBY ORDERED THAT Plaintiff's motion for remand is GRANTED. Pursuant to 28 U.S.C. § 1447(c), the instant action is REMANDED to the Superior Court of California, County of Contra Costa. Plaintiff's request for an award of attorney's fees and costs is DENIED. The Clerk shall close the file and terminate any pending matters. The hearing scheduled for June 28, 2011, is VACATED.

IT IS SO ORDERED.

Dated: June 23, 2011

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge